IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH DEAN TAYLOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:22-CV-110-Z-BR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Joseph Dean Taylor, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:19-CR-091-Z, reflects the following:

On June 20, 2019, Petitioner was named in a one-count indictment charging him with conspiracy to distribute and possess with intent to distribute 28 grams and more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. (CR ECF 36). Petitioner entered a plea of not guilty. (CR ECF 43). Petitioner later signed a factual resume setting forth the elements of the offense and the stipulated facts establishing that he had committed the offense. (CR ECF 61). He also signed a plea agreement, which set forth the penalties he faced and contained a waiver of his right to appeal or otherwise challenge his sentence except in certain limited circumstances. (CR ECF 62). Based on Petitioner's sworn testimony at the rearraignment hearing, (CR ECF 148), the undersigned reported that the plea was knowing and voluntary and recommended that it be accepted. (CR ECF 79). No objections were filed and the

Court accepted the plea. (CR ECF 89).

The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 38. (CR ECF 93, ¶ 39). He received a two-level enhancement for possession of a dangerous weapon, (*id.* ¶ 40), and a two-level enhancement for maintaining a drug premises. (*Id.* ¶ 41). He received a two-level and a one-level decrease for acceptance of responsibility. (*Id.* ¶¶ 47, 48). Based on a total offense level of 39 and a criminal history category of IV, Petitioner's guideline range was 360 months to life. However, the statutorily authorized maximum sentence was 40 years; thus, the guideline range became 360 to 480 months. (*Id.* ¶ 86). Petitioner filed objections (CR ECF 110), and the probation officer prepared an addendum to the PSR. (CR ECF 112).

The Court sentenced Petitioner to a term of imprisonment of 360 months. (CR ECF 130). He appealed. (CR ECF 136). His counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit granted the motion to withdraw and dismissed the appeal, agreeing that there was no non-frivolous issue to be presented. *United States v. Taylor*, 848 F. App'x 639 (5th Cir. 2021).

## GROUNDS OF THE MOTION

Petitioner sets forth four grounds in support of his motion. In his first, second, and fourth grounds, he alleges that he received ineffective assistance of counsel. (ECF 2 at 4, 5, & 8[1]). In his third ground, he asserts as plain error that the Court failed to make required specific findings of fact. (*Id.* at 7).

---

[1] The page references are to "Page __ of 25" reflected at the top right portion of the document on the Court's electronic filing system.

## **STANDARDS OF REVIEW**

**A.  28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**B.  Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri*

3

*v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Petitioner alleges that his counsel was ineffective in failing to challenge statements made by co-defendant Monroe, (ECF 2 at 4, 19–20), in failing to challenge the drug amount in the PSR, (*id.* at 5, 20–21), and in incorrectly advising Petitioner that he would only be held responsible for 80 grams of cocaine base when he was actually held responsible for over 200 kilograms. (*Id.* at 8, 21–22). However, he has not come forward with anything more than his *ipse dixit* to support his allegations.

The PSR shows how Petitioner's base offense level was determined. (CR ECF 93). As the charge was conspiracy, the drug quantity included both drugs with which Petitioner was directly involved and drugs that could be attributed to him. *United States v. Kelley*, 140 F.3d 596, 609 (5th Cir. 1998). Relevant conduct included all reasonably foreseeable acts of others in furtherance of

the conspiracy. *Id.* At sentencing, Petitioner disputed the quantity of drugs attributed to him, so that matter was brought to the Court's attention. (CR ECF 149 at 16). The Court noted that even if the drug quantities attributed to Monroe were greatly exaggerated, Petitioner's guideline range would remain the same. (*Id.* at 17). Petitioner has not shown, much less made any attempt to show, that his guideline range would have been any different or that his sentence would have been any different had his counsel made any additional objection.

As for the allegation that Petitioner's counsel incorrectly advised him that Petitioner would only be held responsible for 80 grams of cocaine base or that he would not get a sentence of more than 96 months, the record provides no support. Even if true, however, what Petitioner says does not vitiate his plea. A plea is not rendered involuntary because of a defendant's mere subjective understanding that he would receive a lesser sentence or based on an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Any contention that the plea was not knowing and voluntary is belied by the record. Petitioner signed a plea agreement in which he acknowledged that he had reviewed the guidelines with his attorney and understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines and that the sentence was wholly within the Court's discretion. (CR ECF 62 at 3). Further, Petitioner represented that his plea was made freely and voluntarily and was not the result of force or threats or promises apart from those set forth in the plea agreement. In particular, there had been "no guarantees or promises from anyone as to what sentence" the Court would impose. (*Id.* at 6). In addition, Petitioner testified under oath that: he

had read, discussed with counsel, and signed the plea agreement; that he was not pleading guilty based on any promises by anyone other than those things written down in the plea agreement; no one had made any prediction or promise to him as to what his sentence would actually be; and, he understood that his attorney's opinion or estimate of the guideline range was not a guarantee and that the judge would determine his sentence. (CR ECF 148). His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement is entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id.* See also *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, Petitioner's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

In his third ground, Petitioner contends that the Court committed plain error in failing to make specific fact findings to support the sentence. (ECF 2 at 7, 23–24). He does not explain what he alleges the Court was to have found. In any event, this ground is procedurally barred and, outside his conclusory allegation of ineffective assistance, Petitioner makes no attempt to show cause and prejudice for having failed to raise it on appeal. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). More importantly, Petitioner waived the right to appeal or pursue relief under Section 2255 except in limited circumstances not applicable here. (CR 62 at 6). A knowing and voluntary waiver of a right to bring a collateral attack, such as in this case, is an enforceable bar to relief. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). And, to the extent this ground amounts to an argument that Petitioner's guideline range was incorrectly calculated because the information supporting the calculation was not reliable, that argument is not cognizable on collateral review. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Finally, as discussed by Respondent, (ECF 7 at 12–13), the ground is meritless.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Joseph Dean Taylor, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on September 25, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).